## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Marco A. Fernandez, <br> 7501 Trafalgar Cir., Apt. 31 <br> Hanover, MD 21076-5010 <br> (Anne Arundel County) <br><br> Individually and as a representative of the class, <br><br> Plaintiffs, <br><br> v. <br><br> RentGrow, Inc., <br> 307 Waverly Oaks Road, <br> Suite 301 <br> Waltham, Massachusetts 02452-8449 <br><br> Defendant. | <br><br><br><br><br><br><br><br><br><br> Civil Case No. _____ |

## **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff Marco A. Fernandez ("Plaintiff"), on behalf of himself and the class set forth below and states as follows:

## **INTRODUCTION**

1. This is a class action for damages, costs, and attorneys' fees brought against the Defendant RentGrow, Inc. ("Defendant" or "RentGrow") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

2. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes these consumer reports to management companies and landlords who use the reports to make decisions regarding prospective tenants.

3. In November 2018, Plaintiff applied to rent an apartment in Hanover, Maryland. In connection with his application for the apartment, Serenity Place at Dorsey Ridge ("Dorsey Ridge") requested a consumer report from Defendant. The consumer report provided by Defendant to Dorsey Ridge was grossly inaccurate and contained numerous criminal convictions that did not belong to Plaintiff.

4. Defendant falsely reported that, in 2012, Plaintiff had been convicted of felony possession of a controlled substance for sale, and three misdemeanors for petty theft in California. These reported convictions, however, belonged to an entirely different individual than Plaintiff.

5. Plaintiff has no criminal record in California or elsewhere.

6. Defendant's report indicates that there is no full date of birth associated with the felony and misdemeanor convictions. Yet Defendant reported Plaintiff as being convicted of a felony and numerous misdemeanor charges merely because Plaintiff and the convicted felon share the same name, which is a very common name in the Hispanic community, and the same birth year.

7. Defendant also inaccurately reported that Plaintiff was a person on the United States Department of the Treasury, Office of Foreign Assets Control's list of Specially Designated Nationals and Blocked Persons ("OFAC-SDN & Blocked Persons List"). Defendant's report included a record that belongs to "Mario Alberto Fernandez Santana," a resident of Mexico, whose date of birth is in May 1977.

8. Contrary to the report, Plaintiff is not this individual. Even a rudimentary review of the record would reveal that Mario Alberto Fernandez Santana has a completely different name than Plaintiff. The date of birth and address associated with Mario Alberto Fernandez Santana

also differs vastly from Plaintiff's date of birth and address.

9. When Plaintiff took steps to determine the source of this inaccurate information, he learned that in 2014, Defendant had sent a report about him to another potential landlord in California. That report included the same false information associating him with the OFAC-SDN & Blocked Persons List, but did not include the inaccurate 2012 convictions.

10. By issuing inaccurate reports about Plaintiff, Defendant violated § 1681e(b) of the FCRA which requires consumer reporting agencies to "follow reasonable procedure to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Defendant does not employ reasonable procedures to ensure the maximum possible accuracy of its records, and its failure to employ reasonable procedures resulted in Plaintiff's reports being inaccurate.

11. As a result of Defendant's inaccurate reporting, Plaintiff was initially denied the opportunity to rent an apartment. Defendant's inaccurate reporting caused Plaintiff serious distress and embarrassment, and will cause Plaintiff future distress, reputational harm, and embarrassment.

12. On behalf of himself, and a class of similarly situated individuals, Plaintiff brings claims pursuant to 15 U.S.C. § 1681e(b).

13. Plaintiff also brings an individual claim for Defendant's violation of 15 U.S.C. § 1681i.

## JURISDICTION

14. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

15. The Court has personal jurisdiction over Defendant. Defendant conducts business in this District, including issuing consumer reports on residents in this District, and delivers them to prospective landlords and management companies in this District.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

17. Individual and representative Plaintiff Marco A. Fernandez is a resident of Hanover, Maryland.

18. Plaintiff is a natural person and a "consumer" as defined by § 1681a(c) of the FCRA.

19. Defendant RentGrow, Inc. is a Delaware corporation with its principal office located at 307 Waverly Oaks Road, Suite 301, Waltham, Massachusetts.

20. Defendant is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). RentGrow regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681a(d).

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

21. Plaintiff serves in the United States Navy.

22. He works for Cyber Strike Activity 63 Command in Fort Meade, Maryland. As a condition of his employment, Plaintiff received a Top Secret security clearance and underwent a polygraph examination.

23. In November 2018, Plaintiff arrived in Maryland after a one-year deployment in South Korea. He applied to rent an apartment in Hanover, Maryland.

24. As part of this process, a representative of Dorsey Ridge requested a consumer report from Defendant.

25. On or around November 16, 2018, Defendant prepared a consumer report regarding Plaintiff and furnished the report to Dorsey Ridge for a fee.

26. The consumer report sold by Defendant contained inaccurate information relating to Plaintiff, including that, in 2012, Plaintiff was convicted of felony possession of a controlled substance for sale and three misdemeanors for petty theft.

27. These convictions did not belong to Plaintiff. As a Top Secret security clearance holder, Plaintiff has never been convicted of a crime.

28. Defendant's report states that the "DOB" associated with the criminal records is "00/00/1984." Despite the lack of a birth month and day, Defendant reported a match solely on the fact Plaintiff's very common Hispanic name and birth year matched the name and birth year of an individual with a felony and misdemeanor criminal record.

29. The report included a search section for "OFAC/SDN." That section falsely reported that Plaintiff was a match to a suspected terrorist and/or narcotic trafficker included on the OFAC–SDN & Blocked Persons List.

30. Individuals and businesses in the United States are generally prohibited from conducting business with anyone on the OFAC–SDN & Blocked Persons List. *See, e.g.*, 31 C.F.R. § 536.201.

31. The OFAC–SDN & Blocked Persons List is publicly available through the United

States Department of the Treasury, Office of Foreign Assets Control website, https://www.treasury.gov/resource-center/sanctions/SDN-List/Pages/default.aspx.

32. The OFAC–SDN & Blocked Persons List is searchable online and is also downloadable in both PDF and TEXT format.

33. Plaintiff is not, and never has been, on the OFAC–SDN & Blocked Persons List.

34. Defendant reported "Mario Alberto Fernandez Santana" as the name on the OFAC–SDN & Blocked Persons List and associated a "DOB" of "May 1977"[1] and an address in "Zapopan, Jalisco, Mexico" associated with the name.

35. Plaintiff's full name is Marco Antonio Fernandez.  The reported name on OFAC–SDN & Blocked Persons List has an entirely different first name (Mario) and middle name (Alberto), and has two surnames (Fernandez Santana).  The reported date of birth of May 1977 also differs as Plaintiff's date of birth in that it is a different month, day, and year.

36. Plaintiff has never lived in Mexico.  Defendant was aware that Plaintiff never resided in Mexico.  Defendant's report lists no addresses in Mexico for Plaintiff under the "Other Addresses" section.

37. Defendant should have known that the name on the OFAC–SDN & Blocked Persons List is not the same name as Plaintiff, which is clearly stated on the first page of the report under "Applicant Information" as "MARCO A FERNANDEZ."  In addition to the name-match error, a simple review would have revealed that the date of birth and address is not a match to

---

[1] The report contained a full date of birth here, but as this is a publicly-filed pleading, Plaintiff has removed the specific day of birth information.  Plaintiff is able to provide the full date of birth reported to the Court upon request.

Plaintiff.

38. After receiving Defendant's grossly inaccurate report, Dorsey Ridge denied Plaintiff the opportunity to rent an apartment. Plaintiff was alarmed that his potential landlord thought he had a felony and misdemeanor criminal record and was listed on the OFAC–SDN & Blocked Persons List.

39. Plaintiff was able to explain to Dorsey Ridge that he was neither a felon or any other type of criminal nor a suspected terrorist and/or narcotic trafficker on the OFAC–SDN & Blocked Persons List. Fortunately, Dorsey Ridge was willing to disregard Defendant's inaccurate reporting and rent Plaintiff an apartment.

40. In the course of challenging Defendant's reporting, Plaintiff requested his file from Defendant. When he received that file, Plaintiff learned for the first time that, in December 2014, Defendant had issued another report on him to a different potential landlord, located in California. The December 2014 report also falsely matched Plaintiff with someone on the OFAC-SDN & Blocked Persons List. However, it did not include any information about the crimes of which Defendant later reported Plaintiff had been convicted.

41. Plaintiff disputed the contents of his Dorsey Ridge-related report with Defendant in December 2018 and Defendant subsequently corrected his report.

42. In January of 2019, consistent with 15 U.S.C §§ 1681i(a)(6)(B)(iii) and 1681i(a)(7), Plaintiff asked Defendant for a description of the procedures used to investigate his dispute. Defendant never responded to Plaintiff's request.

43. Due to the sensitive nature of his employment in cybersecurity, Plaintiff is very concerned that Defendant's inaccurate reporting will cause him future harm because in order to

maintain his Top Secret security clearance, he will have to disclose that he had been initially denied an opportunity to rent an apartment. Questions that relate to an individual's suitability to rent an apartment are extremely common in a United States government security investigation and one must talk openly about anything that may be in their rental history record. Defendant's inaccurate reporting will follow Plaintiff for the rest of his career as he is reinvestigated every five years to maintain his Top Secret security clearance.

44. Plaintiff also fears that Defendant's inaccurate reporting could recur.

**FACTS DEMONSTRATING THAT DEFENDANT WILLFULLY FAILED TO USE REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY**

45. If Defendant had reasonable procedures to assure maximum possible accuracy, it would have determined that the information in Plaintiff's consumer report belonged to other people with the same or similar names.

46. Defendant did not consult with readily available online court records before reporting Plaintiff of being convicted of numerous criminal charges, including a felony drug offense and misdemeanor theft. If it had, these serious errors could have been avoided.

47. Instead, Defendant chose to rely on "Merced County – Superior Court – Historical Data," which did not include a full date of birth, instead listing "00/00/1984" for the "DOB."

48. If Defendant had obtained the available online court records from the Merced County Superior Court website, Defendant could have obtained further information, including the full date birth, allowing Defendant to determine that the Marco Antonio Fernandez who was the subject of the criminal records was a different person than Plaintiff.

8

49. Other tenant screening agencies have faced governmental scrutiny for substantially similar activities. *See, e.g.*, *FTC v. Realpage, Inc.*, No 3:18-cv-2737 (FTC settlement with tenant screening agency which failed to comply with 15 U.S.C. § 1681e(b) because it used loose matching criteria to link potential tenants with criminal records).

50. Had Defendant consulted its own report, issued in 2014, it would have also seen that the 2014 report did not include any information indicating Plaintiff had a criminal record, despite the fact that Plaintiff had supposedly been convicted in 2012. This fact should have also alerted Defendant to problems with the 2018 report.

51. Defendant also erroneously matched Plaintiff with a suspected terrorist with a different name, date of birth, and address.

52. Defendant could have and should have checked the OFAC–SDN & Blocked Persons List, which is readily available online, prior to issuing its report. If it had done so, it would have discovered that a search for Plaintiff's actual name, Marco Antonio Fernandez, returns no results.

53. The dangers of erroneous matching of persons with suspected terrorists on the OFAC–SDN & Blocked Persons List is well recognized in the tenant screening industry. In 2017, a jury awarded $60 million to a class of persons who had been mismatched to the OFAC list by Trans Union. *Ramirez v. Trans Union, LLC*, 3:12-cv-632 (N.D. Cal.). And nearly a decade ago, the Third Circuit Court of Appeals upheld a jury verdict for mismatching an individual to the OFAC list. *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010).

54. It is well-recognized that failing to require actual name matches is inconsistent with reasonable procedures to ensure maximum possible accuracy. *In re Gen. Info. Servs., Inc.*, No.

2015-CFPB-0028, Consent Order ¶¶ 10-12 (C.F.P.B. Oct. 29, 2015), available at http://files.consumerfinance.gov/f/201510_cfpb_consent-order_general-information-service-inc.pdf.

55. In addition to the conduct set forth above, Defendant's willful conduct is further reflected by, *inter alia*, the following:

    a. Defendant is a corporation with access to legal advice through its own general counsel's office and outside litigation counsel. Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

    b. Defendant knew or had reason to know that its conduct was inconsistent with FTC guidance, caselaw, and the plain language of the FCRA;

    c. Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

    d. Defendant knew that matching individuals using name only or a common name match would result in false positives. However, it persisted in doing so;

    e. If Defendant had consulted the publicly available online court records, it would have easily discovered that Plaintiff was not the subject of the court records in question. However, Defendant failed to do so;

    f. If Defendant had compared its 2018 report to its 2014 report, it would have seen the reports contained inconsistent information with respect to Plaintiff's criminal background;

    g. If Defendant had reviewed its own report or consulted with the publicly available database, it would have been obvious that Plaintiff was not a match to

>    the individual on the OFAC–SDN & Blocked Persons List; and

>    h. Defendant's violations of the FCRA were repeated and systematic.

56. At all times relevant hereto, Defendant's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA. Defendant's conduct was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

## CLASS ACTION ALLEGATIONS

57. Plaintiff brings Count I on behalf of himself individually, and, pursuant to Fed. R. Civ. P. 23, on behalf of a Class, defined as:

> All individuals who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report do not match the name or date of birth or address in the government database in the five years predating the filing of this Complaint and continuing through the date the class list is prepared.

58. The Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3).

59. <u>Numerosity</u>: The Class is so numerous that joinder of all class members is impracticable. Given the volume of Defendant's business, there are hundreds or thousands of class members.

60. <u>Commonality</u>: This case presents common questions of law and fact, including but not limited to:

11

> a) Whether Defendant violated the FCRA by failing to follow reasonable procedures to ensure maximum possible accuracy of the information contained in consumers' reports with respect to the OFAC–SDN & Blocked Persons information;
>
> b) Whether Defendant's violations of the FCRA were willful; and
>
> c) The proper measure of damages.

61. <u>Typicality:</u> Plaintiff's claims are typical of the members of the Class. It is typical for Defendant to match consumers to public records using only a name or common name. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and Defendant treated Plaintiff consistently with other class members in accordance with its standard policies and practices.

62. <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the Class because he and his experienced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the Class.

63. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover,

management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

64. In view of the complexities of the issues and the expenses of litigation, the separate claims of individual class members are insufficient in amount to support separate actions.

65. Yet, the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action. The administration of this action can be handled by class counsel or a third-party administrator, and the costs of administration will represent only a small fraction of the ultimate recovery to be achieved.

66. Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23(c)(2). The names and addresses of the class members are available from Defendant's records.

## COUNT I
### 15 U.S.C. § 1681e(b)
### On behalf of Plaintiff individually and on behalf of the Class

67. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

68. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff and members of the Class. For example, Defendant misidentified Plaintiff as a criminal with a felony and misdemeanor record, and a suspected terrorist and/or narcotic trafficker based solely on a name only match, without verifying other data

points, or consulting with publicly available online records.

69. The foregoing violations were negligent and/or willful. Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681e(b).

70. As a result of Defendant's conduct, Plaintiff and class members suffered actual damages including but not limited to: denial of apartments, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

71. Plaintiff and members of the Class are entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
## 15 U.S.C. § 1681i
## On behalf of Plaintiff Individually

72. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

73. Defendant violated 15 U.S.C. § 1681i(a)(7) by failing to provide a description of the procedures used to reinvestigate Plaintiff's dispute upon Plaintiff's request.

74. The foregoing violations were negligent and/or willful. Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681i.

75. As a result of Defendant's conduct, Plaintiff suffered actual damages including but not limited to: denial of information to which he is entitled by law, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

76. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive

damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, seek the following relief:

a. Determining that this action may proceed as a class action under Fed. R. Civ. P. 23(b)(3);

b. Designating Plaintiff as the class representatives for the Class;

c. Designating Plaintiff's Counsel as counsel for the Class;

d. Issuing proper notice to the Class at Defendant's expense;

e. Declaring that Defendant committed multiple, separate violations of the FCRA;

f. Declaring that Defendant acted negligently, willfully, and in deliberate or reckless disregard of the rights of Plaintiff and the Class under the FCRA;

g. Awarding actual and/or statutory damages as provided by the FCRA;

h. Awarding punitive damages;

i. Awarding reasonable attorneys' fees and costs and expenses, as provided by the FCRA;

j. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff, on behalf of himself and the Class, demands a trial by jury on all issues triable by a jury.

Respectfully Submitted,

Date:   April 23, 2019

/s/Martin E. Wolf
Martin E. Wolf, (Bar No. 09425)
GORDON, WOLF & CARNEY, CHTD.
100 W. Pennsylvania Ave., Suite 100
Towson, MD 21204
Tel. 410.825.2300
mwolf@gwcfirm.com

BERGER MONTAGUE PC
E. Michelle Drake*
John G. Albanese*
43 S.E. Main Street, Suite 505
Minneapolis, MN 55414
Telephone:  (612) 594-5999
Facsimile:  (612) 584-4470
emdrake@bm.net
jalbanese@bm.net

*pro hac vice forthcoming

*Attorneys for Plaintiff*