**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| **MARCO A. FERNANDEZ,**<br><br>  **Plaintiff,**<br><br>v.<br><br>**RENTGROW, INC.,**<br><br>  **Defendant.** | Civil Action No. 1:19-cv-01190-JKB<br>Chief Judge James K. Bredar |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant RentGrow, Inc. ("RentGrow") by and through its undersigned counsel, hereby responds to the Complaint of Plaintiff Marco A. Fernandez ("Plaintiff"), as follows:

1. Paragraph 1 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, RentGrow admits only that Plaintiff alleges claims under the Fair Credit Reporting Act ("FCRA") in this action. RentGrow denies that it violated the FCRA, denies all liability, and denies that Plaintiff is entitled to damages or any other relief.

2. RentGrow admits only that it is a reseller consumer reporting agency and that it provides tenant screening reports to its customers. RentGrow lacks knowledge or information sufficient to admit or deny whether or to what extent management companies and landlords "use the reports to make decisions regarding prospective tenants." RentGrow denies the remaining allegations in paragraph 2.

3. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 3. RentGrow admits that Serenity Place at Dorsey Ridge ("Dorsey Ridge") requested a tenant screening report from RentGrow

pertaining to Plaintiff.  RentGrow denies Plaintiff's characterization that a consumer report provided by RentGrow was "grossly inaccurate."  RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in the third sentence of paragraph 3.

4.     RentGrow admits that it provided a tenant screening report to Dorsey Ridge pertaining to Plaintiff, and with respect to the contents of that report, RentGrow refers to the document, which speaks for itself. RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 4.

5.     Plaintiff lacks knowledge or information sufficient to admit or deny the allegation in paragraph 5.

6.     RentGrow admits that it provided a tenant screening report to Dorsey Ridge pertaining to Plaintiff, and with respect to the contents of that report, RentGrow refers to the document, which speaks for itself.  RentGrow denies all other allegations in paragraph 6.

7.     RentGrow admits that it provided a tenant screening report to Dorsey Ridge pertaining to Plaintiff, and with respect to the contents of that report, RentGrow refers to the document, which speaks for itself.

8.     RentGrow lacks knowledge or information sufficient to admit or deny the allegations of paragraph 8, including, *inter alia*, because the terms "rudimentary review" and "the record" are vague and ambiguous.

9.     RentGrow admits that it provided a tenant screening report pertaining to Plaintiff to a customer in California in 2014, and with respect to the contents of that report, RentGrow refers to the document, which speaks for itself.  RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 9.

10.     The first sentence of paragraph 10 sets forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, denied. RentGrow denies all other allegations in paragraph 10.

11.     On information and belief, RentGrow denies that Plaintiff was "denied" the opportunity to rent an apartment and denies that any inaccurate reporting "will cause Plaintiff future distress, reputational harm, and embarrassment."  RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 11.

12.     Paragraph 12 sets forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RentGrow admits only that Plaintiff alleges claims under 15 U.S.C. § 1681e(b) in this action.  RentGrow denies that it violated the FCRA, denies all liability, and denies that Plaintiff is entitled to damages or any other relief.

13.     Paragraph 13 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, RentGrow admits only that Plaintiff alleges a claim under 15 U.S.C. § 1681i in this action. RentGrow denies that it violated the FCRA, denies all liability, and denies that Plaintiff is entitled to damages or any other relief.

## JURISDICTION

14.     Paragraph 14 sets forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RentGrow admits only that this Court may properly exercise subject matter jurisdiction over this action.

15.     Paragraph 15 sets forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RentGrow admits only that it issues consumer reports on residents of this District to customers (who may be landlords and management companies in this District) and that the Court has personal jurisdiction over RentGrow for

purposes of this action. On information and belief, RentGrow denies the remaining allegations in paragraph 15.

16. Paragraph 16 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, RentGrow admits only that this District is an appropriate venue for purposes of this action.

## **PARTIES**

17. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 17.

18. Paragraph 18 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 18.

19. RentGrow denies the address listed as its principal place of business and states that its principal place of business is located at 400 5th Avenue, Suite 120, Waltham, Massachusetts 02451. RentGrow admits the remaining allegations in paragraph 19.

20. Paragraph 20 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, RentGrow admits only that it is a reseller consumer reporting agency, as defined in 15 U.S.C. §§ 1681a(f) and 1681a(u). RentGrow denies the remaining allegations in paragraph 20.

## **FACTUAL ALLEGATIONS RELATING TO PLAINTIFF**

21. RentGrow lacks knowledge or information sufficient to admit or deny the allegation in paragraph 21.

22. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 22.

23. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 23.

24. RentGrow admits only that Dorsey Ridge requested from RentGrow a tenant screening report pertaining to Plaintiff. RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 24.

30. Paragraph 30 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 30.

31. On information and belief, admitted.

32. On information and belief, admitted.

33. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 33.

34. RentGrow admits that it provided a tenant screening report to Dorsey Ridge pertaining to Plaintiff, and with respect to the contents of that report, RentGrow refers to the document, which speaks for itself.

35. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 35.

36. RentGrow lacks knowledge or information sufficient to admit or deny the allegation in the first sentence of paragraph 36. RentGrow denies the allegation in the second sentence of paragraph 36. With respect to the allegation in the third sentence of paragraph 36, RentGrow admits only that it provided a tenant screening report to Dorsey Ridge pertaining to Plaintiff, and with respect to the contents of that report, RentGrow refers to the document, which speaks for itself.

37. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 37, including, *inter alia*, because the terms "should have known" and "simple review" are vague and ambiguous.

38. On information and belief, RentGrow denies that "Dorsey Ridge denied Plaintiff the opportunity to rent an apartment" and denies Plaintiff's characterization that any report provided by RentGrow was "grossly inaccurate." RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 38.

39. On information and belief, RentGrow admits that Dorsey Ridge was willing to rent Plaintiff an apartment. RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 39.

40. RentGrow admits only that Plaintiff lodged a dispute regarding certain information contained in the tenant screening report provided to Dorsey Ridge, that Plaintiff requested his consumer file from RentGrow, and that RentGrow provided a tenant screening report pertaining to Plaintiff to a customer in California in 2014. With respect to the contents of that report, RentGrow refers to the document, which speaks for itself. RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 40.

41. RentGrow admits only that Plaintiff lodged a dispute regarding certain information contained in the tenant screening report provided to Dorsey Ridge and RentGrow responded. Because, *inter alia*, the terms "contents" and "corrected" are vague and ambiguous, RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 41.

42. RentGrow admits only that in January of 2019, Plaintiff requested an additional description of the procedures used to investigate his dispute. RentGrow denies the remaining allegations of paragraph 42.

43. Plaintiff lacks knowledge or information sufficient to admit or deny the allegations in paragraph 43.

44. Plaintiff lacks knowledge or information sufficient to admit or deny the allegation in paragraph 44.

**FACTS DEMONSTRATING THAT DEFENDANT WILLFULLY FAILED TO USE REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY**

45. Denied.

46. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 46.

47. Denied.

48. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 48.

49. On information and belief, RentGrow admits only that a settlement was reached in the case of *FTC v. Realpage, Inc., No 3:18-cv-2737*. RentGrow further states that the alleged lawsuit speaks for itself as to its claims, defenses, and legal effect, and on that basis, RentGrow denies any allegations of paragraph 49 inconsistent therewith. Because, *inter alia*, the terms "tenant screening agencies," "governmental scrutiny," and "substantially similar activities" are vague and ambiguous, RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 49.

50. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 50.

51. Denied.

52. On information and belief, RentGrow denies the first sentence of paragraph 52. RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 52.

53. Because, *inter alia*, the terms "dangers," "matching," "suspected terrorists," and "well recognized" are vague and ambiguous, RentGrow lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 53. With respect to the second and third sentences of paragraph 53, RentGrow admits only that, on information and belief, Trans Union, LLC was the defendant in the alleged cases. Insofar as the outcomes of specific lawsuits are alleged, RentGrow further states that each such alleged lawsuit speaks for itself as to its claims, defenses, and legal effect, and on that basis, RentGrow denies any allegations of paragraph 53 inconsistent therewith.

54. Paragraph 54 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, denied.

55. Denied.

56. Denied.

## CLASS ACTION ALLEGATIONS

57. Paragraph 57 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, RentGrow admits only that Plaintiff alleges a class claim in this action. RentGrow denies that class treatment is appropriate in this action, denies any liability with respect to the alleged class, and denies that the alleged class is entitled to damages or any other relief.

58. Paragraph 58 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, denied.

59. Paragraph 59 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, denied.

60. Paragraph 60 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, denied.

61. Paragraph 61 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, denied.

62. Paragraph 62 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, denied.

63. Paragraph 63 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, denied.

64. Paragraph 64 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, denied.

65. Paragraph 65 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, denied.

66. RentGrow lacks knowledge or information sufficient to admit or deny what Plaintiff "intends" to do in the first sentence of paragraph 66. RentGrow denies all other allegations in paragraph 66.

## COUNT I
### 15 U.S.C. § 1681e(b)
### On behalf of Plaintiff individually and on behalf of the Class

67. RentGrow re-alleges and incorporates its responses to all factual allegations set forth in the Complaint.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT II
## 15 U.S.C. § 1681i
### On behalf of Plaintiff Individually

72. RentGrow re-alleges and incorporates its responses to all factual allegations set forth in the Complaint.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

### RESPONSE TO PRAYER FOR RELIEF

RentGrow denies that Plaintiff is entitled to any of the relief he seeks, both individually and on behalf of putative class members.

### AFFIRMATIVE AND OTHER DEFENSES

RentGrow submits the following affirmative and other defenses to Plaintiff's Complaint. RentGrow re-alleges and incorporates by reference its responses to paragraphs 1 through 76 as if fully set forth in these affirmative defenses.

### FIRST DEFENSE

The Complaint, and all allegations and claims set forth therein, fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's individual and class claims are barred in whole or in part because he and putative class members, if any, did not suffer any damages, or, if he or they did suffer damages, such damages were not proximately caused by RentGrow's acts or omissions.

## THIRD DEFENSE

To the extent Plaintiff and/or putative class members, if any, has or have suffered or will suffer any damages, which RentGrow denies, Plaintiff's individual and class claims are barred in whole or in part because of his failure to mitigate such damages, if any.

## FOURTH DEFENSE

To the extent Plaintiff and/or putative class members, if any, has or have suffered or will suffer any damages, which RentGrow denies, such damages were caused, in whole or in part, by Plaintiff's and/or putative class members' actions, in that Plaintiff and/or putative class members failed to use ordinary care and diligence or engaged in other conduct contributing to or causing such damages.  In the event any fault of RentGrow is found to have caused or contributed to cause any damages to Plaintiff or putative class members, if any, which is denied, any recovery against RentGrow must be reduced and limited by the comparative or contributory fault of Plaintiff or putative class members, if any.

## FIFTH DEFENSE

To the extent Plaintiff and/or putative class members, if any, has or have suffered or will suffer any damages, which RentGrow denies, such damages were caused, in whole or in part, by the actions or omissions of other persons or entities over which RentGrow had no control and for which RentGrow is not liable, including, but not limited to, other consumer reporting agencies.

In the event any fault of RentGrow is found to have caused or contributed to cause any damages to Plaintiff or putative class members, if any, which is denied, any recovery against RentGrow must be reduced and limited by the comparative or contributory fault of such other persons or entities.

### SIXTH DEFENSE

To the extent Plaintiff claims RentGrow willfully violated the FCRA, which RentGrow denies, any violation was not willful, including because RentGrow's interpretation of the FCRA is not objectively unreasonable. *See Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 70 (2007).

### SEVENTH DEFENSE

Plaintiff has no individual or class claims under 15 U.S.C. § 1681e(b) because RentGrow at all times maintained and followed reasonable procedures to assure maximum possible accuracy of the information regarding Plaintiff and putative class members, if any.

### EIGHTH DEFENSE

Although RentGrow denies that it committed or has responsibility for any act that could support the recovery of punitive damages, to the extent that Plaintiff seeks, and applicable law generally permits, the recovery of punitive damages on behalf of himself or putative class members, if any, any award of such damages in this case would violate the United States and applicable state constitutions and is therefore barred.

### RESERVATION OF RIGHTS

RentGrow reserves the right to assert and rely on any other affirmative defenses that may become known to it as this case proceeds.

**WHEREFORE**, RentGrow denies any legal obligation or liability to Plaintiff and prays that Plaintiff takes nothing, and respectfully requests that this Court:

(a) Deny all relief sought by Plaintiff;

(b) Enter judgment in RentGrow's favor on the Complaint; and

(c) Award RentGrow its costs and fees incurred, including but not limited to reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

Dated: July 12, 2019                                Respectfully submitted,

                                                                              **Nixon Peabody LLP**

                                                                              */s/ Brian P. Donnelly*
                                                                              Brian P. Donnelly (Bar No. 19218)
                                                                              799 9th Street, N.W., Suite 500
                                                                              Washington, DC 20001-4501
                                                                              (202) 585-8000
                                                                              (202) 585-8080 (facsimile)
                                                                              bdonnelly@nixonpeabody.com

                                                            ***Counsel for Defendant RentGrow, Inc.***

## **CERTIFICATE OF SERVICE**

  I certify that on the 12th day of July, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Martin E. Wolf, (Bar No. 09425)
    GORDON, WOLF & CARNEY, CHTD
    100 W. Pennsylvania Ave., Suite 100
    Towson, MD 21204
    Tel.: 410.825.2300
    mwolf@gwcfirm.com

    BERGER MONTAGUE PC
    E. Michelle Drake*
    John G. Albanese*
    43 S.E. Main Street, Suite 505
    Minneapolis, MN 55414
    Tel.: (612) 594-5999
    emdrake@bm.net
    jalbanese@bm.net

    *pro hac vice*

    *Attorneys for Plaintiff*


      /s/ *Brian P. Donnelly*
    Brian P. Donnelly
    Virginia Bar No. 82052
    NIXON PEABODY LLP
    799 9th Street NW, Suite 500
    Washington, D.C. 20001
    Telephone: (202) 585-8191
    Facsimile: (202) 585-8080
    bdonnelly@nixonpeabody.com