IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARCO A. FERNANDEZ

    Plaintiff

vs.                                                          Civil Action No. JKB-19-1190

RENTGROW, INC.

    Defendant

\* \* \* \* \* \*

## SCHEDULING ORDER

This scheduling order is being entered pursuant to Local Rule 103.9. Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office. Any party who believes that any deadline set forth in this Scheduling Order is unreasonable may request in writing a modification of the Order or that a conference be held for the purpose of seeking a modification of the Order, and any such request must be made on or before the first date set forth in Paragraph I below. Thereafter, **the schedule will not be changed except for good cause.**

This case is subject to electronic filing. Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov. You must use the electronic filing system for filing documents with the Clerk and sending case related correspondence to chambers. **When you electronically file a document that, including attachments, is 15 pages or longer, you also must provide a paper copy of the document and a paper copy of the notice of electronic filing.** The paper copy should be sent to the Clerk's Office, not directly to my chambers.

## I. DEADLINES

| | |
|---|---|
| December 12, 2019: | Deadline for requests for modification of initial Scheduling Order |
| December 12, 2019: | Joint request for early settlement/ADR conference |
| December 12, 2019: | Report about deposition hours |
| December 12, 2019: | Initial report whether there is unanimous consent to proceed before a United States Magistrate Judge |
| December 12, 2019: | Deadline for conference about discovery of electronically stored information.  (If either or |

both parties intend to take such discovery, before the conference counsel should review the Principles for the Discovery of Electronically Stored Information in Civil Cases prepared by a Joint bench/bar committee published on the court's website.)

| | |
|---|---|
| January 15, 2020: | Moving for joinder of additional parties and amendment of pleadings |
| April 30, 2020: | Close of fact discovery with respect to Plaintiff's individual claims and the requirements for class certification under Fed. R. Civ. P. 23 |
| June 1, 2020: | Plaintiff's motion for class certification and any expert reports to support the motion; Defendant may move for summary judgment |
| July 1, 2020: | Defendant's opposition to Plaintiff's motion for class certification and any expert reports to oppose the motion; Plaintiff's opposition to any summary judgment motion filed by Defendant |
| August 3, 2020: | Plaintiff's class certification reply brief and any rebuttal expert reports; Defendant's summary judgment reply brief |

Upon the resolution of the class certification issue, counsel shall move the Court to set in a further scheduling conference to set additional deadlines (e.g. additional discovery, dispositive motions etc.). After the resolution of any dispositive motions there may be need for an additional scheduling conference, as discussed below, to set a date for trial.

## II. DISCOVERY

### Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

### Discovery Conference

This action is exempted from the requirements of Fed. R. Civ. P. 26(d)(1) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another immediately in order to: (a) identify the issue(s), (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, (d) discuss any issues about preserving discoverable information, and (e) establish a cordial professional relationship among yourselves.

Procedure

All the provisions of Local Rule 104 apply, including the following:

a.    All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b.    The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c.    No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court.

d.    Motions to compel shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

e.    Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

Deposition Hours

Each side shall be limited to 10 hours of depositions of fact witnesses (including parties) in relation to class certification issues. If there are two or more parties on a particular side, they must share the deposition time allotted to their side unless upon your request I otherwise rule. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time.

The number of deposition hours may be changed by the Court upon request of the parties. Joint requests are almost always granted.

## III. DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

## IV. PRETRIAL CONFERENCES

3

After the resolution of dispositive pretrial motions (or the dispositive pretrial motion deadline passes without the anticipated motion being filed), the Court will set a scheduling conference.

At the scheduling conference:

> a.      I will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions. In addition to filing the proposed voir dire, jury instructions, and verdict sheet via CM/ECF, counsel is asked also to submit them to Chambers in MSWord format via the Chambers inbox MDD_JKBChambers@mdd.uscourts.gov.

> b.      I will set a pretrial conference date and a trial date; and

> c.      I will ask you whether a settlement or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge. **Please confer with your client about these matters before the conference so that you are in a position to respond.**

## V. ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases which are Appendix B to the Local Rules.

## VI. COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

## VII. COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2 which has detailed requirements requiring the redaction of filings with this court that contain an individual's social security number, tax payer identification number, or birth date, the name of an individual known to be a minor, or a financial account number. It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008. For further information on the Judicial Conference Privacy Policy see:
http://www.mdd.uscourts.gov/news/news/privacy_memo.pdf.

Date:  December ⟋12, 2019

James K. Bredar
Chief Judge