UNITED STATUS DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MARCO A. FERNANDEZ,              ) | |
| ) | |
| Plaintiff,          ) | |
| v.                                                      ) | No.: 1:19-cv-0119-JKB |
| ) | |
| RENTGROW, INC.,                            ) | |
| ) | |
| Defendant          ) | |
| ) | |

### RENTGROW, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY PENDING SUPREME COURT DECISION

RentGrow, Inc. ("RentGrow"), respectfully moves for a stay of this case in its entirety pending the United States Supreme Court's decision in *TransUnion LLC v. Ramirez*, No. 20-297, which presents the following question: "Whether either Article III or Rule 23 permits a damages class action where the vast majority of the class suffered no actual injury, let alone an injury anything like what the class representative suffered." Ex. A, TransUnion Cert. Petition at i. The Supreme Court just granted review of this issue last week, on December 16, 2020. *See* https://www.supremecourt.gov/docket/docketfiles/html/public/20-297.html   (last visited December 18, 2020).

*Ramirez*, like this case, arises in the context of a putative class action under 15 U.S.C. 1681e(b) of the Fair Credit Reporting Act ("FCRA") for reporting possible name matches against the United States Department of the Treasury's Office of Foreign Assets Control's Specially Designated Nationals list ("OFAC list").[1]   The Supreme Court's resolution of what injury is required to satisfy Article III and Rule 23 in this context will have a significant impact as to this

---

[1] RentGrow does not waive, and hereby expressly preserves, all arguments and defenses.

Court's jurisdiction and the propriety of class certification.[2]  In the interests of judicial economy and avoiding the significant waste of resources that are about to be spent litigating these issues, and for all of the reasons set forth below, RentGrow respectfully submits that a stay is warranted.

I. **The *Ramirez* Decision Is Expected To Impact Many Issues That RentGrow Will Be Raising In Its Upcoming Summary Judgment And Class Certification Briefing.**

The defendant in *Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1016 (9th Cir. 2020) is a consumer reporting agency that was sued under the FCRA in connection with its practice of placing alerts on consumers' files about whether the consumer was a possible match for a name appearing on the OFAC list.  *Ramirez* includes a class claim under Section 1681e(b) of the FCRA concerning whether the defendant "willfully failed to follow reasonable procedures to assure maximum possible accuracy when it collected OFAC information using rudimentary name-only searches and placed the inaccurate information on the class members' credit reports without further verification." *Id.* at 1024. The key standing issue that the Ninth Circuit addressed with respect to this claim was TransUnion's argument that "no injury results from a false OFAC alert until someone other than TransUnion and the consumer sees it." *Id.* at 1024.

As in *Ramirez*, Plaintiff's putative class claim in this case is brought under Section 1681e(b) of the FCRA and challenges RentGrow's procedures related to OFAC reporting.  (Doc. 1 ¶ 68.)  The putative class that Plaintiff seeks to represent in this case involves "individuals who were the subjects of consumer reports furnished by Defendant which contained public record information in the 'OFAC/SDN' section of the reports…." (Doc. 1 at ¶ 57.)  Plaintiff has relied

---

[2] While Plaintiff does not agree to a stay pending *Ramirez*, Plaintiff's persistent citation to and reliance upon the *Ramirez* trial court and Ninth Circuit decisions in this case only reinforces that the impending Supreme Court decision in *Ramirez* will impact this case and it would be prudent to account for that impact before proceeding further.

on the *Ramirez* trial and appellate court decisions since the inception of this case, citing *Ramirez* in his Complaint and repeatedly relying on it when arguing about his OFAC putative class claim. (*See, e.g.*, Doc. 1 at ¶ 53 (citing trial court decision in *Ramirez*); Doc. 59-2 at Page 23 of 179 (same); Doc, 84 at 5 (citing trial court and Ninth Circuit decisions in *Ramirez*).)

Some of the key issues that RentGrow will be raising in its upcoming class certification and summary judgment briefing include whether Plaintiff and putative class members have Article III standing to assert OFAC claims; whether Plaintiff or putative class members are subject to unique defenses concerning their respective standing that defeat Rule 23's commonality, predominance, adequacy, and typicality requirements; and whether Plaintiff's experience is different than that of the putative class members he seeks to represent.

For example, Plaintiff claimed to feel stress and lose sleep over the content of his screening report because he was concerned that the information on his report could impact his Top Secret security clearance at work.[3] Ex. B, Fernandez Dep. 162:2-25. However, Plaintiff testified that he did not know whether anyone other than himself and RentGrow saw his tenant screening report. Fernandez Dep. 157:24-158:5. He testified that only employees at Dorsey Ridge, the apartment complex to which he applied and which ordered the tenant screening report at issue from RentGrow, would know whether they viewed or considered any OFAC information on Plaintiff's tenant screening report. Fernandez Dep. 198:2-199:3. He testified that he does not know whether anyone other than RentGrow saw any OFAC information included on any putative class member's tenant screening report. Fernandez Dep. 257:1-5. He testified that the only way to know whether any prospective landlord of any putative class member actually saw the inclusion of OFAC

---

[3] Plaintiff's alleged injury and damages are also directly at issue in numerous pending discovery motions. (*See* Docs. 90 (seeking to compel Plaintiff's deposition testimony on numerous issues related to alleged injury and damages); Doc. 99 (seeking third-party discovery concerning Plaintiff's alleged injury and damages); Doc. 103 at ¶¶ 12, 14 (explaining that outstanding discovery issues between the parties relate to Plaintiff's alleged injury and damages).)

information on any tenant screening report, would be to individually interview each landlord that received such a report.  Fernandez Dep. 257:15-22.

Deposition testimony from Porsche Kemp, the Senior Property Manager at Dorsey Ridge, further highlighted the significance of Article III standing issues to Plaintiff's individual claim, as well as putative class members' claims. ███████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███

In short, the factual issues highlighted above from Plaintiff's and Ms. Kemp's deposition testimony all implicate the question at issue in *Ramirez* concerning what a consumer must show to demonstrate Article III standing to pursue a Section 1681e(b) claim concerning OFAC reporting, and how differences among putative class members implicate both Article III and Rule 23. ███

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Because the *Ramirez* decision is expected to address the Article III significance of these issues, which will not only play a significant role in RentGrow's summary judgment and class certification briefing, but also implicate this Court's subject matter jurisdiction to hear the claims in this case, RentGrow respectfully requests that the Court stay this case pending *Ramirez*.

**II.    This Court Should Stay This Case Pending Resolution Of *Ramirez*.**

A district court "retains inherent authority to stay a case so as to best manage its own docket and control the orderly progression of litigation." *Boger v. Citrix Sys., Inc.*, No. 8:19-CV-01234-PX, 2020 WL 1939702, at *1 (D. Md. Apr. 22, 2020) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The Court weighs three factors in determining the propriety of a stay: (1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Id.* (internal quotation marks omitted). Courts weighing these factors in this District regularly hold that, on balance, staying a

case "until the issuance of a significant, perhaps dispositive, Supreme Court decision promotes judicial economy and preserves litigation resources." *Id.* at \*2 (collecting cases). *See also, e.g.*, *Consumer Fin. Prot. Bureau v. Access Funding, LLC*, No. CV ELH-16-3759, 2019 WL 7185557, at \*6 (D. Md. Dec. 23, 2019) (staying case pending Supreme Court decision on validity of statute at issue in case); *Norville v. Anne Arundel Cty. Bd. of Educ.*, No. CIV.A. MJG-99-764, 1999 WL 1267696, at \*6 (D. Md. Nov. 23, 1999) (staying case pending Supreme Court decision which "will control the Board's Eleventh Amendment immunity argument in the instant case").[4]

With respect to the first two factors, courts in this District have explained these factors weigh in favor of a stay where there is a risk "that defendants will have been put to considerable unnecessary expense" and "the Court will have expended unnecessary resources" if a stay is not granted pending a Supreme Court decision on a significant issue. *Consumer Fin. Prot. Bureau*, 2019 WL 7185557, at \*6. Courts in this Circuit have recognized that such considerations are particularly important where, as here, the Supreme Court decision implicates federal subject matter jurisdiction. *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 WL 1122092, at \*3 (N.D.W. Va. Mar. 22, 2016) ("The defendants would be prejudiced considerably should they continue to expend substantial resources in litigation only for the Supreme Court to rule that this Court lacks

---

[4] This is in line with the approach of other courts across the country that regularly stay cases pending a Supreme Court decision that may have significant, perhaps dispositive, impact on issues in the case. *See, e.g.*, *Yaakov v. Varitronics, LLC*, No. 14-5008 ADM/FLN, 2015 WL 5092501, at \*3-4 (D. Minn. Aug. 28, 2015) (granting stay and reasoning that Supreme Court case "is likely dispositive" of plaintiff's claims, that a stay "may avoid expending unnecessary resources," and that "the stay will be of short duration since the argument in *Campbell-Ewald* is scheduled to occur in [October 2015]"); *Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL 4455965, at \*2-3 (N.D. Cal. July 20, 2015) (granting stay and reasoning that "both parties could be harmed by continued litigation" and that the "issues pending before [the Supreme] Court, if resolved in Defendant's favor, would simplify the issues and resolve threshold issues relating to the Court's jurisdiction to consider [plaintiff's] claims, both individually and on a class-wide basis"); *Boise v. ACE USA, Inc.*, No. 15-Civ-21264, 2015 WL 4077433, at \*5-6 (S.D. Fla. July 6, 2015) (granting stay and reasoning that Supreme Court decision "may conclusively determine whether this Court has the subject matter jurisdiction to hear Plaintiff's claims at all" and that "the significant 'time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules…that [plaintiff's] claims are moot"); *Williams v. Elephant Ins. Co.*, No. 1:15-cv-00119-GBL-TCB, 2015 WL 3631691 (E.D.Va. May 27, 2015).

jurisdiction to resolve this case pursuant to *Spokeo*, and this Court will have expended needless time and resources in the interim.").

Here, briefing on class certification and summary judgment, both of which are time-consuming and expensive portions of this litigation, are about to take place. RentGrow also has numerous discovery motions pending before the Court. If *Ramirez* is decided in a way that precludes either Plaintiff or putative class members from establishing Article III jurisdiction, this case will need to be dismissed, and all of the resources that the parties are about to spend on briefing, and that the Court is about to spend on deciding, the discovery, summary judgment, and class certification motions would be a complete and utter waste. Moreover, given the significant overlap of issues between this case and the certified question in *Ramirez*, any decision in *Ramirez* is likely to, at a very minimum, shape the arguments that RentGrow is about to present in summary judgment and class certification briefing. It would be an extreme waste of the parties' and the Court's resources to continue briefing and deciding discovery issues, class certification, and summary judgment, before knowing whether the Supreme Court's decision will eliminate many—and perhaps all—of the issues in this case.

Plaintiff, in contrast, faces no prejudice from a stay. He moved into the Dorsey Ridge apartment complex which ordered Plaintiff's tenant screening report from RentGrow within a few days of submitting his application in November 2018, and remains in that same complex today. Fernandez Dep. 73:10-74:2; Kemp Dep. 66:5-67:2. He disputed the information at issue in this case with RentGrow on December 17, 2018, and it was removed within eleven days of his dispute. Fernandez Dep. 143:15-144:5, 146:25-147:3. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thus, Plaintiff, at best, may have a "general

interest in resolving th[is] case[] expeditiously," which courts have held is insufficient to overcome other factors favoring a stay. *CX Reinsurance Co. Ltd. v. Johnson*, No. GJH-18-2355, 2020 WL 406936, at *6 (D. Md. Jan. 24, 2020) (granting stay pending decision on rule of law applicable to case). See also *Boger*, 2020 WL 1939702, at #2 ("Although the Court is sympathetic to Boger's concerns as to delay hampering the pursuit of the class claims, Boger offers no particular factual basis to support his fears.").

Finally, the stay is likely to be relatively short, particularly in light of the importance of the issues being raised. The petition was granted on December 16, 2020. In accordance with historical practice, the Supreme Court is likely to issue a decision by the end of its current term in June 2021, only six months away. *See, e.g.*, *Consumer Fin. Prot. Bureau*, 2019 WL 7185557, at *6 (D. Md. Dec. 23, 2019) (noting that Supreme Court decision was expected by end of term in June).

## CONCLUSION

The Supreme Court in *Ramirez* is poised to decide issues concerning Article III standing and class certification that are expected to have a significant impact on many issues raised in this case. In the interests of judicial economy and avoiding the significant waste of resources that are about to be spent litigating these issues, RentGrow respectfully submits that a stay is warranted.

Dated: December 22, 2020

/s/ Louis J. Cannon, Jr.
Louis J. Cannon, Jr. (17157)
**BAKER & HOSTETLER LLP**
1050 Connecticut Avenue NW
Suite 1100
Washington, DC  20036
Telephone: (202) 861-1563
Fax: (202) 861-1783

Joel Griswold (pro hac vice)
**BAKER & HOSTETLER LLP**
200 S. Orange Ave., Suite 2300

Orlando, Florida 32801-3432
Telephone: (407) 649-4088
jcgriswold@bakerlaw.com

Bonnie Keane DelGobbo (pro hac vice)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-8185
Fax: (312) 416-6201
bdelgobbo@bakerlaw.com

*Attorneys for Defendant RentGrow, Inc*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed and served the foregoing document via the Court's CM/ECF system, which will send notice of the filing to all registered users. Parties may access the filing through the Court's CM/ECF system.

*/s/ Louis J. Cannon, Jr.*