IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARCO A. FERNANDEZ, individually and as a representative of the class,<br><br>    Plaintiff,<br><br>v.<br><br>RENTGROW, INC.,<br><br>    Defendant. | Case No.: 1:19-cv-01190-JKB<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO MAGISTRATE'S ORDER ON MOTION TO COMPEL REQUESTS FOR PRODUCTION, SET II**<br><br>**[REDACTED]** |

Plaintiff Marco A. Fernandez ("Plaintiff") submits the following response to Defendant RentGrow's Objections ("Obj.") (ECF No. 149) to Magistrate Judge Copperthite's Order (ECF No. 142) denying Defendant's motion to compel.

Plaintiff is a cyber-security researcher for the Navy and holds a Top Secret clearance. Defendant is a tenant screening company that falsely reported that Plaintiff was a drug trafficker and convicted criminal to his potential landlord in November 2018. Plaintiff was upset by Defendant's report and it caused him a limited amount of emotional distress until the time when the report was corrected in December 2018. Throughout discovery, Defendant has attempted to use Plaintiff's limited garden variety emotional distress as an entrée into all aspects of Plaintiff's personal and professional life, seeking highly intrusive discovery in an attempt to embarrass or harass Plaintiff, rather than discover relevant information proportional to the needs of the case. Magistrate Judge Copperthite has rebuffed these efforts, finding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (ECF No. 142.)

1

Defendant's Objections fail to show that Judge Copperthite's order was clearly erroneous or contrary to law.  Instead, Defendant merely disagrees with Judge Copperthite's decision.  But mere disagreement with a decision is not enough to show an order to be clearly erroneous or contrary to law.  Defendant even goes so far as to ask that this Court review the briefing "de novo" and grant Defendant's motion to compel.  (Obj. at 7.)  But that is not the proper standard for review.  Judge Copperthite's order is grounded in the record and based on an application of the appropriate factors under Fed. R. Civ. P. 26(b)(1).  Defendant's Objections should be overruled.

## BACKGROUND

Plaintiff Marco Fernandez works for the U.S. Navy in cybersecurity and holds a Top Secret clearance.  (Compl. ¶¶ 21-22, ECF No. 1.)  In November 2018, Defendant prepared a tenant screening report that had falsely called Plaintiff a drug trafficker and convicted criminal.  First, Defendant reported Plaintiff as a possible match for an individual on the Office of Foreign Asset Control's list of Specially Designated Nationals ("OFAC/SDN list"), specifically a drug trafficker named "Mario Alberto Fernandez Santana" with a date of birth of May 1977 and an address in Zapopan, Jalisco, Mexico. (Compl. ¶ 34).  Plaintiff's name is not Mario Alberto Fernandez Santana, he was not born in 1977, and he has never lived in Mexico.  Second, Defendant also reported that Plaintiff had been convicted of felony possession of a controlled substance for sale and three misdemeanors for petty theft in California, even though those convictions belonged to someone with a different date of birth.  (Compl. ¶¶ 26- 28.)

This conduct violated the Fair Credit Reporting Act's ("FCRA") requirement that consumer reporting agencies "follow reasonable procedures to assure maximum possible accuracy" in producing consumer reports.  15 U.S.C. § 1681e(b).  Plaintiff suffered garden variety emotional distress as a result of being called a criminal and terrorist.  He testified that the stress

dissipated after the report was corrected in December 2018. (ECF No. 85 at 12 & ECF No.111-1, Transcript of Deposition of Marco Fernandez ("Fernandez Dep."), at 166:24-167:3.)

Defendant's misreporting of OFAC/SDN information was not isolated to Plaintiff, but was due to its flawed, name-only matching algorithm which matched consumers to people on the OFAC/SDN list based solely on the fact that a given consumer's name resembled the name of a person or entity on the list. ███████████████████████████████████████████████████████████████████████████████████████████████████. (ECF No. 119-2.)  Despite discovery requests requesting that it do so, Defendant has yet to identify a *single* report that it contends *accurately* matched a consumer to someone on the OFAC/SDN list. Plaintiff seeks to represent a class of similarly situated consumers who were misreported by Defendant as matches to individuals on the OFAC/SDN list.

The FCRA has a two-tiered enforcement structure.  For negligent violations of the FCRA, a consumer can seek "actual damages," and attorneys' fees and costs.  15 U.S.C. § 1681o.  For "willful" violations, a consumer may seek $100-$1000 in statutory damages in lieu of actual damages, and may also additionally seek punitive damages.  *Id.* § 1681n.  If a class is certified, Plaintiff and the Class will ask the jury to award statutory damages of $100-$1000 and punitive damages as permitted by the FCRA, 15 U.S.C. § 1681n.  (ECF No. 80-2 at 10.)  Defendant faces substantial class-wide liability for the ███████████ that Defendant falsely labeled as potential terrorists or drug dealers which is not merely hypothetical.  In 2017, a federal jury in California awarded $60 million (reduced to around $40 million on appeal) to approximately 8,000 consumers in statutory and punitive damages in a class action trial for mismatching consumers to the OFAC/SDN list in violation of the FCRA.  *See generally Ramirez v. TransUnion LLC*, 951 F.3d. 1008 (9th Cir. 2020), *cert. granted,* 2020 WL 7366280.  Plaintiff also has an individual claim for

Defendant's misreporting of the criminal convictions. For that claim, Plaintiff seeks garden variety emotional distress damages, and no out-of-pocket damages. (ECF No. 80-2 at 10.)

Given its apparent lack of defenses on the merits, Defendant has instead attempted to use discovery as a tool to harass and embarrass Plaintiff rather than as a method to gather evidence on the merits.[1] Defendant has deposed Plaintiff at length regarding his claim of emotional distress. Defendant used Plaintiff's seven-hour deposition to ask a variety of intrusive questions about all aspects of Plaintiff's life. ███████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████

During Plaintiff's deposition, Plaintiff also stated ███████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████

Since Plaintiff's first deposition, Defendant has tried again and again ████████

███████████████████████████████████████████████████████████████

---

[1] Defendant has also made repeated individual settlement offers to Plaintiff in an attempt to induce him to abandon his class action claims and the absent class members. (ECF No. 111 at 10-11.)

███████████████████████████ and to pry into other irrelevant aspects of Plaintiff's professional life. Defendant first filed a motion to compel documents and testimony from the Navy, which was procedurally improper and beyond the scope of permissible discovery. (ECF No. 79.) Magistrate Judge Copperthite denied Defendant's motion and Defendant's objections to that ruling are pending. (ECF Nos. 88, 97) Defendant then sought to compel Plaintiff to answer deposition questions ████████████████████████████████████████████. (ECF No. 90.) The Magistrate Judge again denied Defendant's motion, finding ████████ ████████████████████████████ (ECF No. 134 at 6.) The Court did, however, ████ ████████████████████████████████████████████████████████████████████ ████████████████████████████. (*Id.*) Neither party objected to that order and Plaintiff was re-deposed on February 11, 2021.

Defendant then filed the instant motion to compel responses to document requests which seek ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████. (ECF No. 140.) Magistrate Judge Copperthite again denied Defendant's motion. (ECF No. 142.) Judge Copperthite ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████ (*Id.*) With respect to Defendant's request for ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████



(ECF No. 142 at 3.)   Finally, Magistrate Judge Copperthite found ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒. (*Id.*) In supporting his conclusions, Judge Copperthite concluded, ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ (ECF No. 142 at 2.)

## ARGUMENT

### I.   Legal Standard: Clearly Erroneous or Contrary to Law

A district judge may overrule the magistrate's ruling on a non-dispositive matter only if the ruling is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 301.5(a).  "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'"  *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 479 (D. Md. 2014).

Under the "contrary to law" standard, "the critical inquiry is whether there is legal authority that supports the magistrate's conclusion."  *Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2018) (quoting *Guiden v. Leatt Corp.*, No. 10-CV-00175, 2013 WL 4500319, at *3 (W.D. Ky. Aug. 21, 2013)).  "That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law."  *Id.*  "The 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes…should be afforded 'great deference.'"  *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010); *accord Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D. Md. 2005) ("A district court owes substantial

deference to a magistrate judge in considering a magistrate judge's ruling on a non-dispositive motion") (failing to find that any of the magistrate judge's "rulings were contrary to law or clearly erroneous"). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D. W. Va. 2014) (citation omitted).

All told, to overturn a magistrate judge's order, the standard is high—and intentionally so. *U.S. Equal Employment Opportunity Comm'n v. MVM, Inc.*, No. 17-2881, 2020 WL 6482193, at *1 (D. Md. Nov. 2, 2020) ("This standard is intentionally high because a lower standard would defeat the efficiency gains made from referring non-dispositive issues to a magistrate judge."). A magistrate judge's ruling on a discovery dispute, in particular, should rarely be overturned. *See O'Malley v. Trader Joe's E., Inc.*, No. 19-3273, 2020 WL 6118841, at *2 (D. Md. Oct. 15, 2020) ("A magistrate judge's resolution of a discovery dispute is typically accorded substantial deference."). This is because "[i]t is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002). "Put simply, an objection is not a vehicle to nit-pick the magistrate judge's ruling [on a discovery dispute]." *Shackleford v. Vivint Solar Developer LLC*, No. 19-954, 2020 WL 3488913, at *5 (D. Md. June 25, 2020). Accordingly, "the objecting party carries a heavy burden in persuading a district court to disturb a magistrate judge's ruling on a discovery matter." *Bost v. Wexford Health Sources, Inc.*, No. 15-3278, 2020 WL 1890506, at *8 (D. Md. Apr. 15, 2020).

## II. Magistrate Judge's Copperthite's Order Was Not Clearly Erroneous or Contrary to Law

Defendant agrees that the appropriate standard of review is "clearly erroneous or contrary to law." (Obj. at 3-4.) But Defendant fails to point to any aspect of the Magistrate Judge's ruling that meets that standard. Nor could it. Indeed, Defendant tacitly admits that the order was not clearly erroneous or contrary to law and explicitly asks "this Court to review the briefing *de novo*" because it disagrees with the Magistrate Judge's ruling. (Obj. at 7.) *De novo* is not the standard of review.

Instead, Defendant resorts to mischaracterizing the factual record. Defendant says that Plaintiff is seeking "millions of dollars" or "*astronomical* damages for emotional distress." (Obj. at 5-6). Those statements are not true. Plaintiff's emotional distress was garden variety and lasted about a month. He is not seeking millions of dollars for his personal emotional distress. Defendant faces liability in the millions of dollars not because of Plaintiff's personal emotional distress but because Defendant reported ▮▮▮▮▮▮▮▮▮▮ as potential terrorists and drug traffickers to prospective landlords, in violation of a statute that provides for both statutory and punitive damages. That Plaintiff has brought a class action where Defendant's class-wide exposure is significant does not provide Defendant the opportunity to rummage through every aspect of Plaintiff's life in the hope that it will uncover something incendiary or scandalous. *See Watkins v. Hireright, Inc.*, No. 13-1432, 2014 WL 11191092, at *4 (S.D. Cal. Feb. 21, 2014) (denying motion to compel for requests that were "overbroad as written" and "appear[ed] to be a fishing expedition in the hopes that it w[ould] get lucky and turn up some unsavory or fraudulent behavior" on the plaintiff). The Court should not succumb to Defendant's effort to muddy the waters by masquerading as though Plaintiff's garden variety emotional distress claim is the driver behind the substantial liability it faces. Nor should the Court countenance an effort to use the potential value

of a class claim to bend the rules and allow discovery to be used as a tool to harass Plaintiff by delving into irrelevant personal matters.

Defendant's effort to distance itself from its failure to object to Judge Copperthite's previous ruling on the same subject matter also fails.  Judge Copperthite ruled previously that ███████████████████████████████████████████████████████████████████████████. (ECF No. 134 at 6.)  Defendant did not object to that ruling.  Nevertheless, despite the Court's prior order, Defendant now seeks ████████████████████████████████.  (ECF No. 140 at Exhibit B.)  Defendant states that the question of whether Plaintiff should be compelled ████ ████████████████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████ (Obj. at 8).  Defendant further posits that ████████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████████ ████████████████ (*Id.*)  That argument does not follow.  Defendant does not explain why a request for documents ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████████ ████████  Indeed, given that Judge Copperthite ████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████  But perhaps more importantly, Defendant's argument attempts to differentiate the burden of deposition testimony from document production but fails to address the substance of Judge Copperthite's other findings, which were that the requests were ████████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████.  (ECF No. 142 at 2.)  Magistrate Judge Copperthite

9

correctly observed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Harassing, overbroad, and speculative requests for irrelevant information which a court has already found to be improper are never allowed, no matter how "proportionate" they might be.

Finally, Defendant argues that the Magistrate Judge erred in denying the request for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"[2]  Defendant objects that the Magistrate Judge ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Obj. at 9.)  Not so.  Judge Copperthite found ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (ECF No. 142 at 2.)  Defendant had ample opportunity to explore Plaintiff's financial condition during his deposition and failed to uncover *any* link between years' worth of financial records and the one month of emotional distress he experienced as a result of Defendant's conduct, much less a compelling need.  Magistrate Judge Copperthite therefore found ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (ECF No. 142 at 2-3.)  Judge Copperthite thus concluded that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] Plaintiff notes that this is Defendant's second attempt to obtain Plaintiff's tax returns. Defendant previously requested the tax returns in a prior set of Requests for Production. Plaintiff objected and Defendant did not move to compel. (*See* ECF No 80-1 at ECF P. 39 of 81 (requesting Plaintiff's tax returns).)

██████████ (*Id.* at 3.) Judge Copperthite found ██████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████. (*Id.*) Based on his review of the record, the Magistrate Judge had the discretion to deny Defendant's broad, harassing, speculative and intrusive requests.

## CONCLUSION

For all of the above reasons, Defendant's objections should be overruled.

Date: March 11, 2021                    /s/John G. Albanese

          Martin E. Wolf, Bar No. 09425
          GORDON, WOLF & CARNEY, CHTD.
          100 W. Pennsylvania Ave., Suite 100
          Towson, MD 21204
          Tel. 410.825.2300
          mwolf@gwcfirm.com

          BERGER MONTAGUE PC
          E. Michelle Drake (*pro hac vice*)
          John G. Albanese (*pro hac vice*)
          Joseph C. Hashmall (*pro hac vice*)
          43 S.E. Main Street, Suite 505
          Minneapolis, MN 55414
          Tel: (612) 594-5999
          Fax: (612) 584-4470
          emdrake@bm.net
          jalbanese@bm.net
          jhashmall@bm.net

          *Counsel for Plaintiff and the Class*