## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MARCO A. FERNANDEZ,                      *

    **Plaintiff**                          *

    **v.**                                 *          **CIVIL NO. JKB-19-1190**

RENTGROW, INC.,                          *

    **Defendant.**                          *

    *    *    *    *    *    *    *    *    *    *    *    *

### MEMORANDUM AND ORDER

After the Court issued an Order ("Class Certification Order") (ECF No. 211) denying RentGrow's Motion for Summary Judgment (ECF No. 163) and granting Mr. Fernandez's Class Certification Motion (ECF No. 167), RentGrow filed a petition in the Fourth Circuit seeking permission to appeal the Class Certification Order pursuant to Federal Rule of Civil Procedure 23(f). *See RentGrow, Inc. v. Fernandez*, App. No. 22-146 (4th Cir. filed Mar. 24, 2022). RentGrow subsequently filed in this Court a Motion to Stay issuance of class notice pending its Rule 23(f) petition and possible appeal. (ECF No. 219.) RentGrow's Motion to Stay is now ripe for consideration, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, RentGrow's Motion to Stay Pending Rule 23(f) Appeal (ECF No. 219) is GRANTED IN PART and DENIED IN PART without prejudice.

### I.   *Background*

The Court has detailed the factual basis of this case several times, most recently in its Memorandum Opinion underlying the Class Certification Order, (*see* ECF No. 210), and will only briefly summarize them here. Plaintiff Marco A. Fernandez filed a Complaint bringing individual

and class claims against Defendant RentGrow under the Fair Credit Reporting Act (the "FCRA"),

15 U.S.C. § 1681, *et seq.*, based on RentGrow's reporting to a potential landlord that Mr.

Fernandez (1) had a criminal record (it is undisputed that he did not), and (2) was a "possible

match" to an individual on the OFAC list. (Compl., ECF No. 1.) He argued, on behalf of himself

and on behalf of a putative class, that RentGrow failed to abide by "reasonable procedures to assure

maximum possible accuracy" of the screening reports it prepared about prospective tenants that it

furnished to prospective landlords. 15 U.S.C. § 1681e(b). Pursuant to Federal Rule of Civil

Procedure 23(b)(3), the Court certified a class of

> [a]ll individuals who were the subject of a consumer report (1) furnished by
> Defendant to a third party between April 23, 2017 and May 24, 2019 at 7:28 a.m.
> and (2) which reported OFAC/SDN information indicating a possible match, and
> (3) where there is not also a match between the (a) date of birth, (b) address, or (c)
> social security number associated with the subject of the report and the
> corresponding information regarding the person on the OFAC/SDN List.

(Class Certification Order at 1–2.)

RentGrow timely filed a petition seeking permission to appeal the Class Certification

Order. *See RentGrow, Inc. v. Fernandez*, App. No. 22-146 (4th Cir. filed Mar. 24, 2022); *see also*

Fed. R. Civ. P. 23(f) ("A party must file a petition for permission to appeal [an order granting or

denying class certification under Rule 23] with the circuit clerk within 14 days after the order is

entered[.]"). Shortly thereafter, Class Counsel[1] filed a proposed notice plan for the Court's

approval. (*See* ECF Nos. 216, 216-1, 216-2, 216-3.) Although Class Counsel represented that

RentGrow objected to the proposed notice plan based on unspecified concerns about the sensitive

nature of class member data, the Court understands that the Stipulated Protective Order entered by

the Court on May 3, 2022, resolved this issue and the parties now agree on the contents of the

---

[1] The Class Certification Order appointed "E. Michelle Drake and John G. Albanese of Berger Montague and Martin E. Wolf of Gordon, Wolf & Carney" as Class Counsel. (Class Certification Order at 2.)

2

proposed notice plan. (*See* ECF No. 229 at 1 ("RentGrow does not object to the contents of the proposed notice set forth in Plaintiff's Motion[.]"); ECF No. 231 (Stipulated Protective Order).) Despite this agreement, RentGrow now seeks to stay execution of the notice plan pending resolution of its appeal of the Class Certification Order. (ECF No. 219.)

RentGrow argues that a stay is warranted for four primary reasons: (1) practically speaking, issuing notice before a possible reversal on appeal would risk confusing class members; (2) a stay will not prejudice any party; (3) RentGrow presents a strong case on appeal; and (4) RentGrow will suffer reputational damage if no stay is entered.[2] (*See generally* ECF Nos. 219, 235.) Mr. Fernandez responds that (1) reversal of the Class Certification Order is unlikely; (2) issuing notice before the Fourth Circuit issues a ruling on RentGrow's petition will not cause RentGrow irreparable injury; (3) an indefinite stay during the pendency of an appeal would substantially harm Mr. Fernandez and class members alike; and (4) a stay would further prolong resolution of this case and is therefore not in the public interest. (*See generally* ECF No. 230.)

## II.    Discussion

An appeal filed pursuant to Federal Rule of Civil Procedure 23(f) does not automatically stay district court proceedings. Fed. R. Civ. P. 23(f) ("An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders."). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Taccino v. Act 1st Fed. Credit Union*, Civ. No. JKB-21-0840, 2021 WL 3572935, at *2 (D. Md. Aug. 12, 2021). "A stay is not a matter of

---

[2] RentGrow also suggests that should the Fourth Circuit grant its petition and ultimately dismiss the case for lack of subject matter jurisdiction, the Court would be unable to issue a subsequent curative notice to class members. (*See* ECF No. 219 at 3.) Because the Court concludes that the possibility of issuing a curative notice does not sufficiently address the Court's concerns about proceeding in the absence of a stay at this juncture, it does not reach this argument.

right" but is instead "an exercise of judicial discretion," *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal citations and quotations omitted), and issuing one requires district courts to "'weigh competing interests and maintain an even balance.'" *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983) (citing *Landis*, 299 U.S. at 254–55). In evaluating whether a stay is appropriate, district courts consider whether: (1) the moving party is "likely [to] prevail on the merits of the appeal"; (2) the moving party "will suffer irreparable injury if the stay is denied"; (3) "other parties will [ ] be substantially harmed by the stay"; and (4) "the public interest will be served" if a stay is granted.[3] *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970); *see also Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018) (applying substantially similar factors when considering discretionary motion to stay, including consideration of judicial economy).

Turning to the first factor, the Court concludes that the arguments forming the basis of RentGrow's appeal do not support Court's ultimate decision to issue a stay. The Court remains confident in the strength of its analysis supporting the Class Certification Order. This is so even despite the fact that the Memorandum accompanying the Class Certification Order addressed *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021), a recent Supreme Court decision whose contours the Fourth Circuit has not yet had the opportunity to fully explore. *TransUnion*'s factual

---

[3] There is some dispute with respect to whether these criteria are best framed as elements—each of which must be established before a stay may be issued—or factors to be weighed against one another. *Compare Rose v. Logan*, Civ. No. RDB-13-3592, 2014 WL 3616380, at *1–*2 (D. Md. July 21, 2014) (opting, in the bankruptcy appeal context, for the required-elements test rather than the sliding scale approach), *with Par Pharm., Inc. v. TWI Pharm., Inc.*, Civ. No. CCB-11-2466, 2014 WL 3956024, at *1 (D. Md. Aug. 12, 2014) (internal quotations and citations omitted) ("Each factor . . . need not be given equal weight[,]" but "[i]nstead, the court assesses [the] movant's chances for success on appeal and weighs the equities as they affect the parties and the public."). Because "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket[,]" *Landis*, 299 U.S. at 254, the Court concludes that it is appropriate to consider these criteria as factors—any one or more of which may be dispositive. *See Long*, 432 F.2d at 981 ("Finding that defendants had not established their entitlement to a stay under a balancing of the factors which govern the grant, I deny it."); *Bartels v. Saber Healthcare Grp., LLC*, Civ. No. 16-0283, 2020 WL 7491074, at *2 (E.D.N.C. Dec. 21, 2020) (weighing "a balance of hardships"); *In re Rail Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 91 (D.D.C. 2012); *see also Nken*, 556 U.S. at 434 (identifying the first two factors as "the most critical").

similarities to this case compelled the Court to apply unambiguously controlling precedent and "draw[] the line where the Supreme Court did: dissemination [of the OFAC alert] to a third party." *Fernandez v. RentGrow, Inc.*, Civ. No. JKB-19-1190, 2022 WL 872507, at *6 (D. Md. Mar. 10, 2022).

Despite this, a stay is supported by the significant expenditure of time and money that could be avoided by issuing the stay, as well as the widespread confusion that could be caused by a subsequently retracted or modified class notice. These considerations bear heavily on all of the remaining factors—RentGrow's irreparable injury if the stay is denied; consequences that the stay would impose on other parties; and the public interest. The dispositive nature of these considerations is strongly supported by leading treatises which explain that, when facing a petition to appeal an order granting class certification, a "district court should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination." Ann. Manual Complex Lit. § 21.28 (4th ed. May 2022); *see also* 3 Newberg on Class Actions § 8:11 (5th ed. Dec. 2021) ("[C]ourts sensibly delay sending notice of class certification if the certification decision has been appealed under Rule 23(f).").

Several district courts have agreed, staying proceedings pending resolution of a Rule 23(f) petition for permission to appeal a grant or denial of a class certification order for similar reasons. *See, e.g., Riggleman v. Clarke*, Civ. No. 17-0063, 2019 WL 2060940, at *3 (W.D. Va. May 9, 2019); *Alfred v. Pepperidge Farm, Inc.*, Civ. No. 14-7086, 2017 WL 5665019, at *3 (C.D. Cal. July 13, 2017) (staying issuance of class notice for 45 days to avoid confusion during pendency of Rule 23(f) petition); *Scott v. Family Dollar Stores, Inc.*, Civ. No. 08-0540, 2016 WL 4267954, at *2 (W.D.N.C. Aug. 11, 2016); *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *5 (N.D.

Cal. Nov. 15, 2012); *In re Se. Milk Antitrust Litig.*, Master File No. 08-1000, 2011 WL 13122693, at *10 (E.D. Tenn. Jan. 19, 2011); *Brown v. Charles Schwab & Co.*, Civ. No. 07-3852, 2010 WL 424031, at *1 (D.S.C. Feb. 1, 2010). Decisions refusing to stay issuance of class notice in the face of a petition for permission to appeal under Rule 23(f) are "rare" and appear to generally involve classes significantly smaller in size than that at issue in this case. 3 Newberg on Class Actions § 8:11 (5th ed. Dec. 2021); *see, e.g., Andrews v. Plains All Am. Pipeline, L.P.*, Civ. No. 15-4113, 2018 WL 4191409, at *3 (C.D. Cal. Aug. 28, 2018) (denying stay where class size was approximately 500 members); *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, Civ. Nos. 06-1797, 06-1833, 06-2768, 2015 WL 9244638, at *2, *10 (E.D. Pa. Dec. 17, 2015) (denying stay where class size was approximately 22 members and case was pending for nearly a decade); *Adoma v. Univ. of Phx., Inc.*, Civ. No. 10-0059, 2010 WL 4054109, at *4 (E.D. Cal. Oct. 15, 2010) (denying stay where class size was approximately 1,000 members).

The prospect of issuing notice to a class that could very well surpass 70,000 members before the Fourth Circuit decides whether to consider RentGrow's appeal risks compelling both parties to expend significant time, effort, and resources identifying class members as well as preparing and disseminating notice when doing so may not be necessary.[4] Thus, failing to issue a stay would likely cause RentGrow irreparable harm should the Fourth Circuit reverse or modify the Class Certification Order, and issuing one could in fact benefit both parties by avoiding these issues altogether. Moreover, proceeding to issue class notice at this time risks confusing class members if the Fourth Circuit decides to consider RentGrow's appeal. The burden of issuing a

---

[4] The Court understands that at the time of the filing of its Motion, RentGrow was "in the process of assembling the list of [ ] class members and their last known contact information[,]" and that it believes that notice can be issued "promptly" once the Fourth Circuit resolves its petition and possible appeal. (ECF No. 219 at 3.) Although the process of identifying class members appears to have already begun, given the volume of records to be analyzed and the potentially outdated addresses contained therein, (*see* ECF No. 230 at 10–11; ECF No. 235 at 2), identifying current addresses for all class members will likely be a time- and labor-intensive task. As explained above, the Court concludes that this reality counsels in favor of a stay.

curative notice, a proposal that Mr. Fernandez raises in response to this concern, is simply too high in proportion to the burden of a stay to support a finding that proceeding to issue class notice before the Fourth Circuit has ruled on RentGrow's Rule 23(f) petition to appeal would somehow be the more efficient option. *See Brown*, 2012 WL 5818300, at *4 ("Considering the class in this case is estimated to exceed 22,000 individuals, a curative notice would not be sufficient to stem the confusion that would arise in the event of a change to the class definition or decertification of the class altogether.").

Last, Mr. Fernandez suggests that the Court could also consider staying only the actual dissemination of notice to class members, allowing preparations for the issuance of class notice to proceed—an approach once taken in the District of Kansas. *See In re Urethane Antitrust Litig.*, Civ No. 04-1616, 2006 WL 3021126, at *3 (D. Kan. Oct. 23, 2006) (denying motion to stay "with the exception of the actual publication and mailing of class notice" so that the parties could "be prepared to proceed with disseminating class notice immediately" if the court of appeals denied permission to appeal under Rule 23(f)). While this course of action would avoid confusing class members in the event the Class Certification Order is reversed on appeal, it does little to assuage the Court's concern about efficient expenditure of time and resources. Preparing the notice will require a great deal of time and effort—time and effort that would possibly be expended in vain should the Fourth Circuit grant RentGrow's petition.

The Court is sympathetic to Mr. Fernandez's plea to resolve this matter efficiently and recognizes that this case has been pending for over three years. (*See* Compl., ECF No. 1 (filed April 23, 2019).) However, the Court concludes that "a brief stay is appropriate as such will allow all parties to move forward confident that whatever direction this case is taking it is toward final resolution." *Scott*, 2016 WL 4267954, at *2. After weighing the competing interests, and despite

the Court's firm conviction that the class was correctly certified, staying issuance of class notice until the resolution of RentGrow's Rule 23(f) petition for permission to appeal in the Fourth Circuit is appropriate.[5]

### III.    Conclusion

For the foregoing reasons, RentGrow's Motion to Stay Pending Rule 23(f) Appeal (ECF No. 219) is GRANTED IN PART and DENIED IN PART without prejudice:

1.  It is GRANTED insofar as it seeks to stay proceedings in this case, including issuance of class notice, pending resolution of RentGrow's petition for leave to appeal the Class Certification Order, *see RentGrow, Inc. v. Fernandez*, App. No. 22-146 (4th Cir. filed Mar. 24, 2022);

2.  It is DENIED without prejudice insofar as it seeks to stay proceedings in this case should the Fourth Circuit grant RentGrow's petition to appeal; and

3.  The stay will expire upon the Fourth Circuit's resolution of RentGrow's petition to appeal. Class Counsel and counsel for RentGrow are directed to jointly notify the Court within ten (10) days of the Fourth Circuit's ruling of their respective positions about a continued stay. Class notice shall not issue until the Court issues its approval of the proposed notice plan, even after the expiration of the stay imposed by this Memorandum and Order.

---

[5] RentGrow frames its Motion as a "Motion to Stay Issuance of Class Notice Pending Ruling on Fourth Circuit Interlocutory Appeal." (ECF No. 219 at 1.) Because of the procedural posture of this case, the Court understands that staying preparation and issuance of class notice alone would functionally stay all proceedings in this case. Accordingly, for the reasons detailed at length *supra*, the Court in its discretion will stay all proceedings in this case according to the terms provided in the Order following this Memorandum. Should either party believe that such a broad stay is inappropriate because this case can be materially advanced before the proposed notice plan is approved and class notice is issued, they may file an appropriate motion seeking to alter the stay.

DATED this 3l day of May, 2022.

BY THE COURT:

James K. Bredar
Chief Judge